UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISON

| | |
|---|---|
| Edward Lee Gregory,<br><br>                    Plaintiff,<br><br>vs.<br><br>Hugh Hurwitz, Acting Director of the United States Bureau of Prisons; Dr. Deborah G. Schult, Director of the United States Bureau of Prisons Health Services Division; Dr. A. Chambers, Dr. R. Lepiane, Dr. D. Martin, Dr. L. Martinez, Dr. I. Negron, Dr. G. Petry, and Dr. E. Reed, in their individual capacities,<br><br>                    Defendants. | Civil Action No. 1:18-3605-BHH<br><br>**OPINION AND ORDER** |

Plaintiff Edward Lee Gregory ("Plaintiff") brought this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical needs. (Am. Compl., ECF No. 20.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) for the District of South Carolina, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge Hodges on March 11, 2020. (ECF No. 59.) In her Report, the Magistrate Judge recommends that the Court grant Defendants Drs. Deborah G. Schult, ("Schult"), A. Chambers ("Chambers"), R. Lepiane ("Lepiane"), D. Martin ("Martin"), L. Martinez ("Martinez"), I. Negron ("Negron"), G. Petry ("Petry"), and E. Reed's ("Reed") (collectively "Defendants") motions to dismiss (ECF

1

Nos. 45 & 48).[1] The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[2]

## BACKGROUND

Magistrate Judge Hodges issued the Report on March 11, 2020. (ECF No. 59.) Plaintiff filed objections to the Report on April 22, 2020. (ECF No. 64.) Defendant Martinez filed a response to Plaintiff's objections on May 5, 2020. (ECF No. 65.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] Plaintiff concedes in his briefing that Defendant Hugh Hurwitz ("Hurwitz"), acting director of the U.S. Bureau of Prisons ("BOP"), was not the acting director of BOP at the time of Plaintiff's incarceration. (ECF No. 54 at 6; *see also* Hurwitz Decl. ¶¶ 1 & 4, ECF No. 45-2.) Accordingly, no further discussion regarding the dismissal of Plaintiff's claims against Hurwitz is necessary because Plaintiff has conceded that Hurwitz was named as a Defendant to this action in error.

[2] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exist there.

## **DISCUSSION**

### A. Personal Jurisdiction

The Magistrate Judge first concluded that the Court lacks personal jurisdiction over Defendants Schult and Negron because Plaintiff has not demonstrated that Schult and Negron have the necessary minimum contacts with the forum state to satisfy the requirements of due process established by *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny. (ECF No. 59 at 11–12.) Magistrate Judge Hodges further found that Plaintiff failed to carry his burden to show that the Court possesses personal jurisdiction over Chambers, Martin, Martinez, and Petry, who Plaintiff alleges treated him in facilities outside of South Carolina and who otherwise have no contacts with South Carolina. (*Id.* at 12–13.) Accordingly, the Magistrate Judge recommended that this action be dismissed against Schult, Chambers, Martin, Martinez, Petry, and Negron for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (*Id.* at 13.)

Plaintiff argues that the Magistrate Judge erred in finding that the Court lacks personal jurisdiction over all Defendants except Reed and Lepiane. (ECF No. 64 at 2–3, 5–8.) With respect to Chambers, Martin, Martinez, and Petry, Plaintiff concedes that these Defendants did not treat him in South Carolina. Nevertheless, he argues, "While these Defendants initially injured Gregory outside the boundaries of South Carolina, they directly committed acts 'in part in this State' as their out-of-state actions resulted in continuous injury suffered by Gregory within the bounds of South Carolina, placing the Defendants within the reach of South Carolina's long-arm statute." (*Id.* at 6.)

The Court agrees with the Magistrate Judge and overrules this aspect of the objection. "Tortious injury occurs in the forum state where the physician gave medical

3

treatment, not where the patient resides. . . . To find otherwise would subject non-residence physicians to litigation in every state where a patient happens to move to after treatment." *Ruhe v. Bowen*, No. 2:15-CV-03792-DCN, 2016 WL 5372555, at *4 (D.S.C. Sept. 26, 2016) (citing *Wright v. Yackley*, 459 F.2d 287 (9th Cir. 1972)). Suffice it to say, Plaintiff's objection does not show that the minimum contacts requirement is satisfied with respect to Chambers, Martin, Martinez, and Petry, and the Court does indeed lack personal jurisdiction over these Defendants.

Plaintiff further argues that the Court possesses personal jurisdiction over Schult because, although she has never had personal contact with Gregory, she manages and controls the Health Services Division of the BOP and is ultimately responsible for the allegedly improper health care Gregory received because the other doctors acted as her "agents" when they provided improper treatment to Gregory. (*See* ECF No. 64 at 7.) Moreover, Plaintiff contends the Court has personal jurisdiction over Negron because Negron "reviewed and cosigned numerous medical documents concerning Gregory's medical treatment on multiple occasions while Gregory was incarcerated at FCI Estill in South Carolina," and in so doing, "engaged in a 'persistent course of conduct' within South Carolina. . . ." (*Id.* at 7–8.) However, it should be noted that during times relevant to the complaint Negron was employed as the regional medical director for the BOP's Southeast Regional Office based in Atlanta, Georgia, operating from an office at FCC Coleman, Florida. (*See* ECF No. 59 at 11; Negron Decl. ¶ 1, ECF No. 45-7.) In other words, none of the review and cosigning functions that Plaintiff relies upon occurred in South Carolina.

Again, the Court agrees with the Magistrate Judge and finds no error in her analysis as to Schult and Negron. Plaintiff has not alleged or shown that Schult or Negron

4

conducted any activities that could fairly be construed as occurring in South Carolina, and therefore has not met his burden to establish that these Defendants purposefully availed themselves of the privileges of conducting activities in the forum state. *See Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215–16 (4th Cir. 2001) (citing *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415–16 (1984); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476–77 (1988)) (explaining the purposeful availment requirement as the first prong of a three-part test to evaluate the propriety of exercising specific personal jurisdiction). Accordingly, the objection is overruled.

### B. Individual Liability

Next, Magistrate Judge Hodges found that Plaintiff failed to sufficiently plead Defendants' personal involvement in the acts and omissions alleged in the amended complaint, such that Federal Rule of Civil Procedure 8(a)(2) has not been satisfied. (ECF No. 59 at 13–15.) She notes that Reed is specifically referenced in the factual allegations of the amended complaint, but he is only alleged to have informed Plaintiff that a new BOP protocol for treatment of Hepatitis C ("HCV") had not been released and that once it was, Plaintiff's medical condition would be reviewed and submitted for treatment approval. (*Id.* at 15; *see* Am. Compl. ¶ 13.) The Magistrate Judge further notes that the other Defendants are only mentioned in the case caption, and in an introductory paragraph identifying Schult as the director of the BOP Health Services Division and stating that the remaining Defendants are "on information and belief, residents of various states" and "provided the medical care complained of while Gregory was incarcerated at various BOP facilities." (ECF No. 59 at 15; Am. Compl. ¶ 3.) Therefore, Magistrate Judge

5

Hodges concluded that Defendants are entitled to summary dismissal from the case for the individual capacity claim alleged by Plaintiff. (ECF No. 59 at 15.)

Plaintiff objects, asserting that the Magistrate Judge erred in concluding that the amended complaint fails to sufficiently plead Defendants' personal involvement. (*See* ECF No. 64 at 3, 8–9.) He argues that "[p]ersonal involvement by all Defendants can be inferred from the facts as they are presented in the [a]mended [c]omplaint," and "it may be reasonably inferred that the denial of Plaintiff's needed treatment occurred under the care and personal responsibility of the Defendants at their respective facilities." (*Id.* at 3.) Plaintiff contends that the simple fact that he was diagnosed with chronic HCV while in BOP custody, combined with his general allegation that he did not receive adequate medical treatment, means that, "[v]iewed in the light most favorable to Gregory, it can be reasonably inferred by the Court that those responsible for Gregory's medical treatment and care would be those liable when Gregory fails to receive the appropriate treatment and care." (*Id.* at 9.)

The Court agrees with the Magistrate Judge's analysis and conclusions on this issue and finds no error therein. Plaintiff's objection does not alleviate the plain deficiency of the amended complaint to sufficiently plead Defendants' personal involvement in the alleged conduct. In order to survive a motion to dismiss for failure to state a claim, a complaint must satisfy the facial plausibility standard by containing sufficient "factual content [to allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (establishing facial plausibility standard). A plaintiff must do more than make conclusory statements to state a claim. *See Iqbal*, 556

U.S. at 678; *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiff's amended complaint fails the facial plausibility standard because it does not sufficiently plead Defendants' individual liability for the harms alleged, and it is therefore subject to summary dismissal. The objection is overruled.

### C. Deliberate Indifference to Serious Medical Need

Finally, the Magistrate Judge found that Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical need fails because, while Plaintiff has alleged a serious medical need—to wit, HCV—he has failed to sufficiently allege Defendants were deliberately indifferent to that need. (ECF No. 59 at 15–20.) The Report states:

> Plaintiff alleges his chronic HCV was monitored, noting laboratory work and surgical consults, but appears to argue his treatment was inadequate where he received 'no or minimal treatment' and where, as of October 2015, the FDA had approved Harvoni as a cure for HCV. [*See* ECF No. 20 ¶¶ 11, 16; ECF No. 54 at 11 ("Plaintiff failed to ever receive the *appropriate* medical treatments") (emphasis added)].

(*Id.* at 17.) Magistrate Judge Hodges concluded that Plaintiff's allegations are insufficient to state a claim for deliberate medical indifference because they do not arise to the level of a constitutional injury. (*See id.* at 18.) Moreover, the Magistrate Judge noted that "even if Plaintiff has sufficiently alleged a claim for deliberate indifference to his serious medical need by alleging Defendants failed, for example, to treat his HCV with Harvoni, as this court has previously held, all Federal Defendants,[3] at this time, are entitled to qualified

---

[3] The Magistrate Judge uses the term "Federal Defendants" to refer to all Defendants to this action, except Martinez, who filed his own motion do dismiss in addition to the Federal Defendants' motion to dismiss. (*See* ECF No. 59 at 2.)

7

immunity." (*Id.* at 18–19 (citing *Cunningham v. Sessions*, No. 9:16-1292-RMG, 2017 WL 2377838, at *4 (D.S.C. May 31, 2017) (granting qualified immunity due to the lack of a "clearly established statutory or constitutional right *at this time* for inmates with chronic Hepatitis C to be treated with [Harvoni]" and dismissing Eighth Amendment *Bivens* claim for damages, but finding plaintiff's claims for injunctive and declaratory relief sufficient to survive a motion to dismiss (emphasis in original))).)

Plaintiff argues that the Magistrate Judge erred in concluding that he has not sufficiently alleged an Eighth Amendment violation and in finding that Defendants are entitled to qualified immunity. (ECF No. 64 at 9–13.) Plaintiff contends he was continuously denied treatment over the course of four years following his HCV diagnosis despite repeated requests for treatment, and that this denial of treatment was deliberate indifference. (*Id.* at 10; Am. Compl. ¶ 14.) Plaintiff distinguishes his allegations from the facts at issue in *Estelle v. Gamble*, 429 U.S. 97 (1976) and other cases where Eighth Amendment claims have been found deficient, stating, "Gregory is not alleging that his treatment was simply inadequate, he is alleging his treatment was, for all intents and purposes, nonexistent." (ECF No. 64 at 10–11; Am. Compl. ¶ 16.) Plaintiff argues, "There was no prompt response from Defendants in this case; on the contrary, Defendants put-off seriously assessing, treating, and monitoring Gregory's medical needs for the better part of four years." (ECF No. 64 at 11.) Plaintiff likens his allegations to the facts at issue in *Helling v. McKinney*, 509 U.S. 25 (1993), where the U.S. Supreme Court found that a prisoner stated an actionable Eighth Amendment claim due to his exposure to environmental tobacco smoke ("ETS") because, although the prisoner was not currently suffering from serious medical problems, his allegation that prison officials, with deliberate indifference, exposed him to levels of ETS that posed an unreasonable risk of serious damage to his future health was

8

sufficient. (*See id.* at 11–12; *Helling*, 509 U.S. at 35.)

The Court first notes that its prior finding, that Plaintiff's amended complaint does not sufficiently allege Defendants' personal involvement to satisfy the Rule 8 pleading standard (*see supra* at 5–7; ECF No. 59 at 13–15), is an independent basis for dismissal of Plaintiff's deliberate indifference claim. Nonetheless, the Court further finds that Plaintiff's third objection does not reveal any error in the Magistrate Judge's reasoning or conclusions regarding the viability of Plaintiff's deliberate indifference claim. The Supreme Court's holding is *Helling* is of no assistance to Plaintiff because the factual context of that case is readily distinguishable. In *Helling*, the prisoner complained of being subjected to an unreasonable risk to his future health by way of an environmental factor that prison officials allegedly imposed on him—namely, assignment to a cell with an inmate that smoked five packs of cigarettes a day. *See* 509 U.S. at 28. That context is wholly distinct from the instant case, where Plaintiff was diagnosed with an indisputably serious medical need and complains about the adequacy of the course of treatment his doctors chose after follow-on assessments. The amended complaint notes that Plaintiff underwent periodic lab work and surgical consults related to his HCV diagnosis, but alleges he was "denied treatment." (*See* Am. Compl. ¶¶ 13–14.) The Report correctly concludes, "Such allegations, without more, are insufficient to state a claim of deliberate indifference to Plaintiff's serious medical need." (ECF No. 59 at 18 (citing *King v. U.S.*, 536 F. App'x 358, 362–63 (4th Cir. 2013) (stating prisoners do not have a constitutional right to the treatment of their choice and mere disagreement as to the proper medical treatment does not constitute deliberate indifference)).) Even assuming Plaintiff is correct that his doctors made erroneous judgments about how his HCV should have been treated, he has not alleged that Defendants provided medical treatment that was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted);

*see Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (noting that culpability for deliberate indifference invokes a higher standard than mere negligence or even civil recklessness, and "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference")). Lastly, Plaintiff's objection gives no justifiable explanation for why Defendants should not be entitled to qualified immunity given that there does not appear to be any precedent to establish a clearly established right for an inmate with HCV to be treated with the curative direct-acting antiviral ("DAA") drugs—such as Harvoni—that Plaintiff contends would have been adequate treatment. *See Redden v. Sandy*, No. 1:18CV187, 2020 WL 3121195, at *14 n.19 (N.D.W. Va. Feb. 5, 2020) ("As of the date of the entry of this Report and Recommendation, there is still no controlling precedent from the Supreme Court or Fourth Circuit to show that [p]laintiff has any clearly established right to be treated with DAA drugs."), *report and recommendation adopted*, No. 1:18CV187, 2020 WL 1330352 (N.D.W. Va. Mar. 23, 2020). Accordingly, Plaintiff's objection is overruled, the deliberate indifference claim is subject to dismissal for failure to sufficiently allege an Eighth Amendment violation, and Defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above, the Report (ECF No. 59) of the Magistrate Judge is ADOPTED and incorporated herein. Plaintiff's objections (ECF No. 64) are OVERRULED, and Defendants' motions to dismiss (ECF Nos. 45 & 48) are GRANTED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

October 16, 2020
Charleston, South Carolina